UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LANCE DILLON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 04-CV-2029 |
| ) | |
| STEVEN M. FERMON, ) | |
| ) | |
| Defendant. ) | |

### OPINION

This case is before the court for ruling on the Motion in Limine (#26) filed by Defendant, Steven M. Fermon. Following this court's careful review of the arguments of the parties and the documents filed by the parties, Defendant's Motion in Limine (#26) is GRANTED in part and DENIED in part. This case remains scheduled for a jury trial on February 6, 2006, at 8:45 a.m.

BACKGROUND

On December 6, 2005, this court entered an Opinion (#24) and denied Defendant's Motion for Summary Judgment. Accordingly, the claim of Plaintiff, Lance Dillon, that Defendant violated his civil rights as protected by the First Amendment of the United States Constitution when he transferred Plaintiff from investigations to patrol with the Illinois State Police remained pending. Subsequently, a final pretrial conference was held and the case was scheduled for trial on February 6, 2006.

On December 26, 2005, Defendant filed a Motion in Limine (#26) and a Memorandum of Law in Support (#27). On January 20, 2006, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion in Limine (#33) with attached exhibits. In his Motion, Defendant has included 10 requests for the exclusion of evidence. This court initially notes that the Seventh Circuit has recognized that "the motion in limine is an important tool available to the trial judge to ensure

the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child & Family Serv., 115 F.3d 436, 440 (7th Cir. 1997). Motions in limine permit "the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson, 115 F.3d at 440. "The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." Jonasson, 115 F.3d at 440. The Seventh Circuit has also recognized, however, that some evidentiary submissions "cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment," in which case "it is necessary to defer ruling until during trial, when the trial judge can better estimate its impact on the jury." Jonasson, 115 F.3d at 440. With these principles in mind, this court will consider each of Defendant's requests.

ANALYSIS

I. OPINIONS OF MICHALE CALLAHAN AND EDIE CASELLA

Defendant first argues that this court should bar testimony regarding the opinions of Michale Callahan and Edie Casella that Plaintiff was a good investigator and should not have been moved to a patrol position. Defendant argues that neither Callahan nor Casella was a part of the decisionmaking process to transfer Plaintiff, so their opinions are not relevant. In response, Plaintiff notes that, at the time of his transfer, Callahan was in charge of investigations for the zone to which Plaintiff was assigned and, in that capacity, he oversaw Plaintiff's job performance and duties. Plaintiff contends that, despite the fact that Callahan was Plaintiff's immediate supervisor, it is anticipated that he will testify that he was not even consulted about the need to transfer Plaintiff. Plaintiff argues that Callahan should certainly be allowed to testify: (1) that he should have been

consulted, based upon protocol; (2) that he was not consulted; and (3) the opinion he would have given if he had been consulted. Plaintiff has indicated that the inference to be drawn from this testimony is that Defendant did not want Callahan's input because he knew what Callahan would say. Plaintiff concedes, however, that Casella was not in Plaintiff's chain of command at the time he was removed and, therefore, her opinions about Plaintiff's job performance are largely not relevant to this case.

This court agrees with Plaintiff that Callahan, as Plaintiff's immediate supervisor, can provide testimony relevant on the issue of whether Defendant's stated reason for transferring Plaintiff is worthy of belief. Accordingly, Defendant's request is DENIED as to Callahan and GRANTED as to Casella.[1]

## II. TESTIMONY OF MARK CHRISTOFF

Defendant next argues that Plaintiff has not disclosed any relevant testimony which Mark Christoff, a private attorney who represents criminal defendants, could give in this case. Defendant contends that Christoff and his testimony should be barred by this court.

In response, Plaintiff stated that he does not intend to call Christoff as a witness in his case in chief. Plaintiff stated that, if called, Christoff's testimony will be limited to addressing specific points raised by Defendant. Plaintiff argues that, rather than striking Christoff's testimony altogether, Plaintiff should be required to make an offer of proof during trial if he should need to call Christoff as a witness.

---

[1] This court notes that this ruling means only that Casella will not be allowed to testify regarding her opinion that Plaintiff was a good investigator. Plaintiff has stated that he intends to call her as a witness regarding other issues. This order in no way precludes Plaintiff from calling Casella as a witness.

Because Plaintiff has conceded that Christoff will not be called as a witness during Plaintiff's case in chief, this request is GRANTED. If Plaintiff determines that he wants to call Christoff as a rebuttal witness, he may make an offer of proof at trial and this court will rule on whether his testimony would be proper rebuttal at that time.

### III.  PRIOR DISCIPLINE OF DEFENDANT

Defendant next argues that Plaintiff should be barred from presenting evidence regarding previous discipline imposed on Defendant and charges made against Defendant to the Department of Internal Investigations (DII). Defendant argues that the evidence is not admissible under Rule 404(b) of the Federal Rules of Evidence, is inadmissible hearsay, and is not relevant to the issues in this case. Defendant also argues that this evidence should be excluded because it would be unfairly prejudicial.

In response, Plaintiff notes that the evidence shows that Defendant was suspended by the Illinois State Police for five days for falsifying his shooting records. Plaintiff first argues that evidence regarding this incident is admissible because Defendant has maintained that Plaintiff had to be removed from his position in investigations because he had a Giglio problem. Plaintiff notes that Giglio stands for the proposition that, when a law enforcement officer has been untruthful, that information must be disclosed to the defense in a criminal matter and may be used to impeach the officer's testimony. Defendant has asserted that Plaintiff's credibility was called into question by his previous conduct and, as such, he could not be an effective investigator. Plaintiff contends that Defendant's conduct, as well, called his credibility into question and raises a Giglio issue. Plaintiff argues that the evidence regarding Defendant is relevant because, if Plaintiff could not remain in investigations because of a Giglio issue, how is it possible for Defendant to remain in investigations.

Plaintiff, however, did not directly address Defendant's arguments regarding the inadmissibility of this evidence. Plaintiff also concedes that evidence regarding the allegations against Defendant made to DII "is largely inadmissible." This court therefore concludes that Plaintiff has not shown that any of this evidence is admissible under the Federal Rules of Evidence.

Plaintiff secondly argues that, under Rule 608(b) of the Federal Rules of Evidence, he is allowed to question Defendant on issues relating to his character for truthfulness. Therefore, Plaintiff contends that these issues may be properly looked into on cross-examination under Rule 608(b).

Rule 608(b) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Fed. R. Evid. 608(b).

Based upon Rule 608(b), this court concludes that Plaintiff may not introduce extrinsic evidence regarding Defendant's prior discipline and charges made to DII against him. See United States v. Dawson, ___ F.3d ___, 2006 WL 90085, at *2 (7th Cir. 2006) (explaining that extrinsic

5

evidence is barred by Rule 608(b) if the evidence is being used to undermine the witness's "character for truthfulness").  However, this court agrees with Plaintiff that he should not be precluded from inquiring, on cross-examination, into specific instances of conduct so long as they are probative of Defendant's truthfulness or untruthfulness.  See United States v. Davis, 183 F.3d 231, 257 (3d Cir. 1999), as amended by 197 F.3d 662 (3d Cir. 1999); see also Dawson, 2006 WL 90085, at *2-3.  This court, in its discretion, will allow this cross-examination.

For the reasons stated, Defendant's request is GRANTED and Plaintiff is barred from presenting this evidence at trial.  However, as noted, this court will not preclude Plaintiff from inquiring, on cross-examination, into specific instances of conduct so long as they are probative of Defendant's truthfulness or untruthfulness.

## IV.  THE CALLAHAN LAWSUIT

Defendant next contends that evidence regarding Michale Callahan's lawsuit against Defendant (and others), which alleged a first amendment violation and resulted in a verdict against Defendant, is not relevant and should be excluded.  In his response, Plaintiff has conceded that evidence regarding Callahan's lawsuit is not admissible unless the "door is opened."  Accordingly, this request by Defendant is GRANTED.

## V.  CONDUCT OF OTHERS

Defendant next argues that Plaintiff may attempt to introduce evidence and argue that Defendant is liable for the actions of Captain Kent, who made the decision to transfer Plaintiff.  Defendant argues that, because a case brought pursuant to 42 U.S.C. § 1983 requires personal involvement, this evidence and any arguments suggesting such liability should be excluded.

In response, Plaintiff argues that he intends to present evidence that it was, in fact,

Defendant's decision to transfer Plaintiff and that he should be allowed to argue to the jury that Defendant was responsible for Plaintiff's transfer based upon the evidence.

At this stage in the proceedings, this court agrees with Plaintiff. Therefore, Defendant's request on this point is DENIED.

## VI.  LOU SHANKS TERMINATION

Defendant next argues that testimony about the reason Lou Shanks was terminated from his contractual employment with the Illinois State Police should be excluded. Defendant points out that Lou Shanks was not terminated because of his alleged statements to the prosecutor in Indiana but rather because he was found to have been carrying a concealed weapon into the Sangamon County courthouse. Defendant argues that this evidence would confuse the issues in this case. Plaintiff agrees that this evidence is not relevant. Accordingly, this request is GRANTED.

## VII.  INDEMNITY

Defendant next contends that Plaintiff should not be allowed to present evidence of indemnity and the employer of Defendant's counsel. Plaintiff agrees that this evidence should not be admitted. Therefore, this request is GRANTED.

## VIII.  GARZA'S STATEMENT

Defendant next argues that Plaintiff should not be allowed to introduce evidence regarding a statement allegedly made by Defendant to Michael Garza at a party. Defendant argues that this statement is inadmissible hearsay. Defendant further notes that Garza has denied that Defendant made this statement. In his response, Plaintiff acknowledges that, because Garza did not hear Defendant make the statement, the evidence is hearsay. Accordingly, Defendant's request is GRANTED.

## IX. COMPARISONS WITH KRONKE AND DEFENDANT

Defendant next argues that Plaintiff should not be allowed to compare his disciplinary situation to that of Defendant or Bill Kronke. Both Defendant and Kronke were suspended for five days, Defendant for falsifying his shooting card and Kronke for signing Defendant's shooting card without requiring Defendant to actually shoot. Defendant argues that this evidence is inadmissible under the Federal Rules of Evidence. Defendant further contends that Plaintiff should not be allowed to introduce this evidence to show that these employees were treated differently because Defendant and Kronke are not similarly situated to Plaintiff. Defendant notes that he held a different position from Plaintiff and further notes that Kronke was disciplined for his first offense, whereas Plaintiff had repeated infractions.

In response, Plaintiff argues that this evidence is relevant to the issue of why it was necessary to transfer Plaintiff because of a Giglio issue but not necessary to remove Kronke who also had a Giglio issue. Plaintiff contends that, while Defendant may certainly argue to the jury that the situations were different, he should be allowed to introduce this evidence for the jury's consideration.

After careful consideration, this court concludes that this evidence is not relevant because the situations involving Defendant and Kronke are not sufficiently similar to Plaintiff's situation to allow a comparison to be made. Accordingly, this request is GRANTED. However, again, this court will not preclude Plaintiff from cross-examining Defendant or Kronke, if he testifies regarding other relevant matters, regarding these incidents to the extent that they are probative of the witness's truthfulness or untruthfulness. See Davis, 183 F.3d at 257.

## X. RON HARING TESTIMONY

Defendant's final request is that Plaintiff should not be allowed to discuss the testimony of Ron Haring in his opening statement or otherwise until this court has ruled on the admissibility of Haring's testimony. Defendant contends that Haring's testimony is not relevant, will confuse the jury, and will result in a mini trial of the propriety of Defendant's actions toward Haring. Defendant stated that Haring's testimony will be presented by deposition, so that this court can rule on the propriety of Haring's testimony prior to its introduction.

In his response, Plaintiff stated that, because the trial date has been rescheduled in this case, it is now anticipated that Haring will provide live testimony at trial. Plaintiff stated that this evidence will show that Haring, a respected retired State Police officer, conducted a background investigation of Shanks and found many disturbing facts. Defendant intervened in the background investigation by contacting Haring and yelling at him, referred to allegations made by Plaintiff, and called for Haring's termination. Plaintiff argues that the actions Defendant took toward Haring were completely inappropriate under the circumstances and that this evidence is relevant to show the extent to which Defendant was willing to go to protect Shanks. Plaintiff contends that Defendant's treatment of both Haring and Plaintiff was motivated by Defendant's desire to protect Shanks.

At this stage of the proceedings, this court agrees with Plaintiff that Haring's testimony will be relevant to the issues in this case. This court agrees that Defendant's treatment of Haring is probative of the lengths to which Defendant was willing to go to protect Haring and would have a tendency to show that Defendant's treatment of Plaintiff was also motivated by Defendant's desire to protect Shanks. This court additionally notes that, in its Opinion (#24) which ruled on Defendant's Motion for Summary Judgment, this court specifically concluded that "the evidence

regarding Haring's investigation of Shanks, and Fermon's response to the investigation, is some evidence that Fermon knew of Plaintiff's speech to Larson accusing Shanks of making false statements." For these reasons, this court concludes that Haring's testimony is relevant and will not be barred.

Accordingly, Defendant's request is DENIED. Plaintiff will be allowed to present Haring's testimony at trial and may discuss this testimony during his opening statement.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion in Limine (#26) is GRANTED in part and DENIED in part.

(2) This case remains scheduled for a jury trial on February 6, 2006, at 8:45 a.m.

ENTERED this 27th day of January, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE