**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| **LANCE DILLON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 04-CV-2029** |
| ) | |
| **STEVEN M. FERMON,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

A jury trial was held in this case on February 6, 2006, through February 10, 2006. After the presiding juror informed this court that the jury could not reach a verdict, this court declared a mistrial on February 10, 2006. During trial, this court denied Defendant's Motion for Judgment as a Matter of Law Pursuant to Rule 50 (#35) made at the conclusion of Plaintiff's case. This court also denied Defendant's renewed motion for judgment as a matter of law at the conclusion of all the evidence. This case is currently scheduled for a final pretrial conference on June 30, 2006, at 11:00 a.m., and a jury trial on July 10, 2006, at 9:00 a.m.

On February 24, 2006, Defendant filed a Renewed Motion Pursuant to Rule 50 for Judgment as a Matter of Law (#42) and a Memorandum in Support (#43). On March 10, 2006, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion for Judgment (#44). This court has carefully reviewed the arguments of the parties and the authority cited by the parties. Following this careful review, Defendant's Renewed Motion (#42) is DENIED.

## ANALYSIS

Defendant argues that he is entitled to judgment as a matter of law because, considering the evidence presented at trial in the light most favorable to Plaintiff, the evidence was insufficient for a jury to find in favor of Plaintiff. Specifically, Defendant contends that: (1) Plaintiff offered no

evidence that would tend to show that Defendant knew of the speech Plaintiff claims was protected; and (2) Plaintiff presented no evidence that would support a finding that there was a causal connection between the speech and his reassignment to patrol. Defendant further contends that, based upon the evidence presented at trial, he is entitled to qualified immunity as a matter of law. Defendant also argues that he is clearly entitled to judgment as a matter of law on the issue of punitive damages.

In his Memorandum in Opposition, Plaintiff argues that there was sufficient evidence to suggest that Defendant was aware of Plaintiff's statements to John Larson, the Indiana prosecutor, regarding Lou Shanks' untruthful testimony at the sentencing hearing of Terry Hawthorne. Plaintiff also argues that he presented sufficient evidence of causation. In addition, Plaintiff argues that qualified immunity does not shield Defendant from liability and that the issue of punitive damages should go to the jury at the second trial in this cause. This court agrees with Plaintiff's arguments.

This court first notes that it has already ruled on these arguments, in denying Defendant's Motion for Summary Judgment and in denying Defendant's motions for judgment made during the trial. Defendant has not presented anything new which has caused this court to conclude that it should change its ruling on any of these arguments. However, this court will briefly address the issues raised.

Rule 50 provides:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for

>    judgment as a matter of law against that party with respect to a claim
>    or defense that cannot under the controlling law be maintained or
>    defeated without a favorable finding on that issue.

Fed. R. Civ. P. 50(a)(1). The Rule further provides that, within 10 days following the trial, a motion for judgment as a matter of law may be renewed. Fed. R. Civ. P. 50(b). When considering a Rule 50 motion, this court must "view the evidence in the light most favorable to the nonmoving party and ascertain whether there exists 'any evidence upon which a jury could reach a verdict for the party producing it." United Airlines, Inc. v. United States, 111 F.3d 551, 553 (7th Cir. 1997), quoting Deimer v. Cincinnati Sub-Zero Prods., Inc., 58 F.3d 341, 343 (7th Cir. 1995). "If reasonable persons could not find that the evidence justifies a decision for a party on each essential element, the court should grant judgment as a matter of law–before trial under Rule 56, later under Rule 50, and using the same federal standard each time." Deimer, 58 F.3d at 343, quoting Mayer v. Gary Partners & Co., 29 F.3d 330, 335 (7th Cir. 1994).

     Based upon this standard, this court agrees with Plaintiff that, viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could find that Defendant knew about Plaintiff's statement to Larson prior to Plaintiff's transfer. This court agrees that a reasonable jury could infer from Defendant's September 28, 2001, e-mail that he was aware of Plaintiff's statements to Larson, the Indiana prosecutor. In this e-mail, Defendant discussed allegations and statements made by Plaintiff and Hawthorne's attorney, Mark Christoff, regarding Shanks. Defendant also expressed concern that these statements may have been given credence by Ron Haring, who was conducting a background investigation of Shanks. This court previously ruled, in denying Defendant's Motion for Summary Judgment, that this "e-mail regarding statements about Shanks made by Plaintiff and

Christoff, Hawthorne's attorney, is evidence from which a jury could conclude that [Defendant] knew about Plaintiff's statements at least as of September 28, 2001." This court further agrees with Plaintiff that, at trial, Defendant was never able to explain how he knew what statements Plaintiff and/or Christoff made to Haring. This court therefore agrees that a jury could conclude that Defendant knew of the previous allegations Plaintiff made to the prosecutor and was speculating that Plaintiff was making those same allegations to Haring. The jury could also conclude that Defendant received this information about Plaintiff's allegations from his best friend, Danny Reed.

This court also agrees with Plaintiff that sufficient evidence was presented from which a reasonable jury could conclude that Plaintiff's statements about Shanks were a motivating factor in the decision to transfer him. The Seventh Circuit has recently stated:

> [W]e follow the approach delineated in the majority of our cases, adopted in our sister circuits, and compelled by Mt. Healthy itself, i.e., a plaintiff alleging First Amendment retaliation must prove by a preponderance of the evidence that his or her protected activity was a motivating factor in the defendant's retaliatory action. To clarify, a motivating factor does not amount to a but-for factor or to the only factor, but is rather a factor that motivated the defendant's actions.

Spiegla v. Hull, 371 F.3d 928, 942 (7th Cir. 2004) (emphasis added), citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). Considering the evidence in the light most favorable to Plaintiff, which this court must when ruling on Defendant's renewed motion under Rule 50, this court concludes that Plaintiff presented evidence of suspicious actions and statements by Defendant which could lead to a conclusion that Plaintiff's speech was a motivating factor in

Defendant's decision to seek Plaintiff's transfer. This court concludes that this evidence includes, but is not limited to, evidence of suspicious timing (because Defendant sought Plaintiff's transfer as soon as Defendant had authority over Plaintiff). Therefore, this court rejects Defendant's contention that the evidence of causation is insufficient because Plaintiff was relying <u>solely</u> on suspicious timing and that Plaintiff did not even have evidence of suspicious timing because Plaintiff's transfer occurred nearly two years after the alleged protected speech.

This court also agrees with Plaintiff that Defendant has not established that he is entitled to qualified immunity. Defendant argues that his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Defendant contends it was not clearly established that Plaintiff's speech was protected. Defendant asserts Plaintiff's speech was not on a matter of public concern and that the balancing of interests set out in <u>Pickering v. Bd. of Educ.</u>, 391 U.S. 563 (1968) weighs in favor of government restrictions on such speech.

This court concluded, in ruling on Defendant's Motion for Summary Judgment, that Plaintiff spoke on a matter of public concern. After hearing all of the evidence at trial, this court adheres to that ruling. This court further agrees with Plaintiff that, because Defendant has completely failed to present any evidence that Plaintiff's statements caused disharmony in the workplace or that any of the other <u>Pickering</u> factors weigh in favor of Defendant regarding Plaintiff's speech, the balancing must weigh in favor of Plaintiff and not Defendant.

Defendant's final argument is that he is entitled to judgment as a matter of law regarding punitive damages. This court rejected this argument at trial and adheres to its previous ruling. This court agrees with Plaintiff that, given the fact that a § 1983 claim requires a plaintiff to show intentional conduct, the standard for allowing punitive damages does not really differ that greatly

from the standard for finding liability. If the jury finds that Defendant caused Plaintiff's transfer in retaliation for Plaintiff's protected speech, the jury could certainly also find that Defendant acted in reckless disregard of Plaintiff's first amendment rights. This court concludes that the jury must be allowed to consider the issue of punitive damages.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Renewed Motion Pursuant to Rule 50 for Judgment as a Matter of Law (#42) is DENIED.

(2) This case remains scheduled for a final pretrial conference on June 30, 2006 at 11:00 a.m. and for a jury trial on July 10, 2006 at 9:00 a.m.

ENTERED this 15th day of March, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE