UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| LANCE DILLON, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 04-CV-2029 |
| ) | |
| STEVEN M. FERMON, ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

A jury trial was held in this case on February 6, 2006, through February 10, 2006. After the presiding juror informed this court that the jury could not reach a verdict, this court declared a mistrial on February 10, 2006. This court subsequently scheduled a second jury trial for July 10, 2006.

On May 30, 2006, the United States Supreme Court issued its opinion in Garcetti v. Ceballos, 126 S. Ct.1951 (2006). This court reviewed the Supreme Court's decision and believed that it may be applicable to the factual situation established by the evidence at trial in this case. This court therefore entered an Order (#46) which vacated the retrial scheduled in this case and set a briefing schedule for the parties to provide this court with their views on the applicability of the Garcetti decision.

This court has now reviewed the memoranda filed by the parties regarding the applicability of the Garcetti decision to this case. Following this review, this court concludes, based upon the evidence presented at trial, that Plaintiff's statements were made pursuant to his official duties so that Defendant is entitled to judgment as a matter of law as to Plaintiff's claim. In addition, Plaintiff's Motion to Strike (#55) is denied as MOOT.

FACTS

In this case, Plaintiff, Lance Dillon, claimed that Defendant, Steven Fermon, retaliated against him for his efforts at speaking out on matters of public concern and violated his rights as protected under the First and Fourteenth Amendments to the United States Constitution. Plaintiff brought his action under 42 U.S.C. § 1983. Defendant filed a Motion for Summary Judgment. In ruling on the Motion for Summary Judgment, this court noted that it was undisputed that a telephone conversation between Plaintiff and John Larson, the Warren County, Indiana, prosecutor, was the alleged protected speech that formed the basis of Plaintiff's claim. Plaintiff contended that, in his communication with Larson, he was advising a prosecutor that another law enforcement officer was not telling the truth about an important matter. This court entered an Opinion (#24) which denied Defendant's Motion for Summary Judgment. This court concluded that Plaintiff spoke on a matter of public concern and there was a genuine issue of material fact regarding whether Plaintiff's speech was a motivating factor in Defendant's decision to transfer him from investigations to patrol.

As noted, a jury trial was subsequently held in February 2006. At trial, Plaintiff testified that he began his training with the Illinois State Police in 1984 and became a trooper in 1985. He held various positions with the Illinois State Police since that date, and, in 1999, he was a special agent with the Vermilion County Metropolitan Enforcement Group (VMEG). In January 2000, he was assigned to District 10 investigations. Plaintiff testified that, in March or April of 2000, he "was directed to be at the VMEG office to meet with other agents and Mr. Larson, the prosecutor in Warren County, to discuss what was going to take place at the sentencing hearing [of Terry Hawthorne]." Plaintiff stated that he attended the meeting, which lasted 15 to 20 minutes. The meeting related to a prosecution Plaintiff was involved in when he was working as a special agent with VMEG. Plaintiff testified that he was concerned by a statement made at the meeting by Lou

Shanks, who was an officer working with VMEG. Plaintiff testified that he called Larson the next day and told Larson that he "was concerned that if Lou Shanks testifie[d] to what he told Mr. Larson the previous day that he would be committing perjury." Plaintiff testified that it concerned him "that somebody was going to give false testimony in court."

At the close of Plaintiff's case, Defendant filed a Motion for Judgment pursuant to Rule 50 and argued that he was entitled to judgment as a matter of law. This court denied the motion. Defendant renewed his Rule 50 motion at the close of all the evidence, and this court denied the renewed motion as well. As noted, the jury was unable to reach a verdict, and this court declared a mistrial. Defendant subsequently filed a Motion for Judgment as a Matter of Law and a Memorandum in Support. Defendant argued that he was entitled to judgment as a matter of law because the evidence was insufficient for a jury to find in favor of Plaintiff. On March 15, 2006, this court entered an Opinion (#45) and denied Defendant's Motion. This court concluded that Plaintiff presented evidence of suspicious actions and statements by Defendant which could lead to a conclusion that Plaintiff's speech was a motivating factor in Defendant's decision to seek Plaintiff's transfer. This court also, after hearing all of the evidence at trial, adhered to its ruling that Plaintiff spoke on a matter of public concern. In addition, this court rejected Defendant's argument that the balancing of interests set out in <u>Pickering v. Bd. of Educ.</u>, 391 U.S. 563 (1968) weighed in favor of government restrictions on such speech, noting that Defendant completely failed to present any evidence that Plaintiff's statements caused disharmony in the workplace or that any of the other <u>Pickering</u> factors weighed in favor of Defendant regarding Plaintiff's speech.

On July 5, 2006, Defendant, as directed, filed his Brief on the Applicability of <u>Garcetti v. Ceballos</u> (#52). Defendant also filed supporting Exhibits (#53). In his Brief, Defendant noted that, in <u>Garcetti</u>, the United States Supreme Court held that speech by an employee as part of his

employment duties is not constitutionally protected. Defendant argued that, in the present case, Plaintiff spoke as part of his routine employment duties so the speech, accordingly, is not constitutionally protected. Defendant therefore asked this court to enter judgment as a matter of law in his favor.

On August 8, 2006, Plaintiff, as directed, filed his Memorandum of Law on the Applicability of Garcetti v. Ceballos (#56). Plaintiff argued that the decision in Garcetti has no impact on the status of Seventh Circuit law and that the evidence in this case does not show that Plaintiff's communications were within his routine job duties. Plaintiff argued that there are issues of fact as to the question whether Plaintiff was performing his routine job duties when he spoke with Mr. Larson. Plaintiff suggested that there are two possible alternatives: this court could allow the parties a short period of time to conduct discovery solely on this issue and allow a summary judgment motion to be filed as to this issue; or this court could hold a second jury trial and allow both sides to offer evidence as to this issue and instruct the jury on this question.

Plaintiff also filed a Motion to Strike Affidavit of Bruce Zywiec (#55). Plaintiff noted that one of the exhibits Defendant filed and sought to introduce was the affidavit of Bruce Zywiec. In his affidavit, Zywiec stated that he is currently employed as a Captain with the Illinois State Police and is aware of the duties of a special agent in investigations. Zywiec stated that "[i]t is, and was, a normal and essential part of the duties of a special agent to communicate with a prosecuting attorney to discuss a prosecution, ensure that the prosecutor is aware of all relevant evidence, and discuss anticipated testimony at pretrial proceedings, trials, and sentencing hearings." Plaintiff argued that the problem with Zywiec's affidavit is that Zywiec did not testify at trial, and was not even listed on Defendant's witness list or identified as a person with information relevant to the case in Defendant's answers to interrogatories or initial disclosures.

On August 18, 2006, Defendant filed his Response to Plaintiff's Motion to Strike (#57). Defendant argued that Zywiek's affidavit should be considered by this court because the information contained in the affidavit is undisputed and relates to a matter on which this court could take judicial notice. Defendant argued that the affidavit of Zywiek is a noncontroversial matter, which has not been refuted by Plaintiff. Defendant acknowledged that Zywiek was not previously disclosed as a witness, but argued that, prior to the Garcetti decision, his testimony was not dispositive of, or particularly relevant to, the issue of whether Plaintiff's speech was protected. Defendant argued that Plaintiff has suffered no prejudice by Defendant's use of Zywiec's affidavit and that Plaintiff's Motion to Strike should be denied.

## ANALYSIS

In Garcetti, the United States Supreme Court held that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Garcetti, 126 S. Ct. at 1960; Mills v. City of Evansville, Ind., 452 F.3d 646, 647 (7th Cir. 2006). The Supreme Court stated that it "reject[ed] . . . the notion that the First Amendment shields from discipline the expressions employees make pursuant to their professional duties. Our precedents do not support the existence of a constitutional cause of action behind every statement a public employee makes in the course of doing his or her job." Garcetti, 126 S. Ct. at 1962.

In Mills, the Seventh Circuit discussed the applicability of Garcetti to the case before it. In Mills, the plaintiff was a sergeant of the Evansville, Indiana, police with responsibilities that included supervising "crime prevention officers." The plaintiff attended a meeting on departmental premises at which the Chief of Police described his plan to move some officers from crime prevention officer duties to active patrol and other proposals to cope with a manpower shortage.

After the meeting, the plaintiff discussed the Chief's plan with her superiors and expressed her disagreement with the plan. Mills, 452 F.3d at 647. Subsequently, the plaintiff was removed from her supervisory position and assigned to patrol duties. Mills, 452 F.3d at 647.

The Seventh Circuit noted that Garcetti holds that, before asking whether the subject matter of particular speech is a topic of public concern, "the court must decide whether the plaintiff was speaking 'as a citizen' or as part of [his or] her public job." Mills, 452 F.3d at 647. "Only when government penalizes speech that a plaintiff utters 'as a citizen' must the court consider the balance of public and private interests, along with the other questions posed by Pickering and its successors." Mills, 452 F.3d at 647-48. The Seventh Circuit then concluded that the plaintiff in Mills spoke in her capacity as a public employee. Mills, 452 F.3d at 648. The Seventh Circuit also found significant the fact that the plaintiff was transferred, not fired or demoted. Mills, 452 F.3d at 648.

This court heard the evidence at trial and concludes that additional discovery or a second trial is not necessary in this case following the Supreme Court's decision in Garcetti. In this case, Plaintiff was directed, as part of his job duties, to attend a meeting at the VMEG offices to discuss a sentencing hearing scheduled in a case he had been involved in when he was a special agent with VMEG. Following the meeting, Plaintiff contacted the prosecutor to express his concerns about what Lou Shanks stated at the meeting. This court has no trouble concluding, based upon the evidence presented at trial, that Plaintiff's statements were made pursuant to his official duties in this case.[1] This court agrees with Defendant that Plaintiff's conversation with Larson concerned an

---

[1] This court notes that this conclusion is consistent with the job description for Plaintiff's position of special agent, which Defendant provided to this court as an exhibit in support of his position on the applicability of the Garcetti decision. One of the "principal accountabilities" listed in the job description was as follows: "Presents information/case to a judge and/or states attorney to secure a warrant, reviews and discusses details of a specific investigation with a states attorney to plan investigatory strategy, prepares for court presentations and other related

investigation and arrest in which Plaintiff had participated as part of his official duties and that [w]orking with the prosecution to obtain a just and successful prosecution are part of the job." Therefore, this court concludes that Plaintiff spoke to Larson as part of his official duties. "Restricting speech that owes its existence to a public employee's professional responsibilities does not infringe any liberties the employee might have enjoyed as a private citizen. It simply reflects the exercise of employer control over what the employer itself has commissioned or created." Garcetti, 126 S. St. at 1960. Therefore, because the Constitution does not insulate these statements from employer discipline, Plaintiff's claim fails and Defendant is entitled to judgment as a matter of law. See Garcetti, 126 S. Ct. at 1961; Mills, 452 F.3d at 648.

IT IS THEREFORE ORDERED THAT:

(1) Based upon Garcetti, Defendant is entitled to judgment as a matter of law on Plaintiff's retaliation claim. Judgment is therefore entered in favor of Defendant and against Plaintiff.

(2) Because this court relied upon the testimony at trial in reaching its conclusion, and did not need to consider the affidavit of Bruce Zywiec, Plaintiff's Motion To Strike Affidavit of Bruce Zywiec (#55) is denied as MOOT.

(3) This case is terminated.

ENTERED this 23rd day of August, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE

---

actions, appears and testifies in court as a witness and/or regarding methods used in collecting and preserving evidence."